The same discussion applies to Bills 3, 4, and 8 to 20.

Bills 21 and 22 complain of the court's charge and embrace the contention that the evidence is insufficient to support a finding on a charge of assault to murder.

■ The evidence shows that appellant was making out his report inside of his building when the prosecuting witness, Patella, came inside and precipitated the quarrel between the two. Appellant went to his car, got his pistol, came back to the room, opened fire on him and as Patella fled from the room he was shot in the back. The bullet severed the spinal cord and paralyzed the injured party. These facts sustain an issue of assault to murder and appellant met them with his contention that he acted in self-defense. Such objections to the court's charge are not well taken.

Neither are we able to sustain objections made to the charge as shown by Bills of Exception Nos. 23 and 24. The other bills have been considered and are not sustained.

The judgment of the trial court is affirmed.

## On Motion for Rehearing

MORRISON, Judge.

Appellant urges us to discuss his bills of exception Nos. 25 and 30. These bills reflect objections to the court's charge for failure to instruct the jury that if appellant was justified in firing the first shot in self defense but that after the first shot was fired his assailant abandoned the difficulty and began to flee and the danger to appellant, real or apparent, had ceased, that any further shots would not be justifiable but would make appellant guilty of no more than aggravated assault if at the time he fired the subsequent shots his mind was under the influence of sudden passion and in-

capable of cool reflection as the result of the original attack upon him.

Appellant has cited us Hobbs v. State, 1884, 16 Tex.App. 517; Cooper v. State, 1905, 49 Tex.Cr.R. 28, 89 S.W. 1068; and Vitrano v. State, 1923, 94 Tex.Cr.R. 193, 250 S.W. 173, which would seem to support him. We have not been able to find any case where this question has been before this Court since the Vitrano case in 1923, and this may very logically be explained by the fact that in 1927 the murder statute was amended so as to eliminate malice as an essential ingredient of murder. Prior to 1927, an assault with intent to commit manslaughter was an aggravated assault, which fact was the basis for the decisions cited. In 1931, the offense of assault with intent to murder without malice became a separate offense; however, since 1927, the decisions in question have no application.

■ Under the present law, the requested charge was improper.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.

## STANDLEY v. STATE.
### No. 25737.

Court of Criminal Appeals of Texas.
March 5, 1952.

642

No attorney, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

DAVIDSON, Commissioner.

This appeal is from a conviction for felony theft, with punishment assessed at confinement in the penitentiary for two years.

No sentence accompanies the record. A sentence is necessary in ordinary felony cases to the jurisdiction of this court. Garbs v. State, Tex.Cr.App., 234 S.W.2d 869.

The appeal is dismissed.

Opinion approved by the court.